UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS AARON SIGNORELLI,<br><br>Defendant. | Case No. 24-cr-00516-JD-1<br><br>**ORDER RE MOTION TO DISMISS PURSUANT TO *BRADY*** |

Defendant Thomas Signorelli asks to dismiss the information filed against him for alleged violations by the government of its obligations to disclose materials as required by *Brady v. Maryland*, 373 U.S. 83 (1963). Dkt. No. 85. The government opposes dismissal. Dkt. No. 88. Dismissal is denied.

The reasons for the denial are straightforward. On November 25, 2024, well before asking for dismissal, Signorelli pleaded guilty to Counts One through Seven in the Information pursuant to a plea agreement. Dkt. Nos. 9, 11. The Court accepted the plea agreement and the guilty pleas after a lengthy inquiry into Signorelli's knowing and voluntary intention to plead guilty. Dkt. No. 21. Signorelli has not asked to withdraw the guilty pleas or set aside the plea agreement. At a prior hearing at which the alleged *Brady* violations were discussed, Signorelli affirmatively disclaimed any intention of doing so. Dkt. No. 35 at 4:6-13. The plea agreement and his guilty pleas remain in full effect.

This circumstance effectively bars the dismissal he requests. Signorelli's plea agreement expressly states that he understands he waived "any and all constitutional or legal challenges to [his] conviction and guilty plea." Dkt. No. 9 ¶ 4. "[A] defendant who pleads guilty generally cannot later raise independent claims of constitutional violations." *Sanchez v. United States*, 50

F.3d 1448, 1453 (9th Cir. 1995) (citation omitted).  To be sure, "a defendant challenging the voluntariness of a guilty plea may assert a *Brady* claim."  *Id*.; *see also Parker v. County of Riverside*, 78 F.4th 1109, 1113 (9th Cir. 2023).  But Signorelli has elected not to challenge the voluntariness of his guilty pleas by asking to withdraw them, and has not asked to set aside, or withdraw from, the plea agreement.

Consequently, Signorelli cannot assert a claim for non-disclosure of *Brady* materials. Because *Brady* is the sole basis of his dismissal request, Dkt. No. 85, the motion is denied.

**IT IS SO ORDERED.**

Dated:  May 22, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

2